February 3, 1923. *Page 197 
 ON PETITION FOR REHEARING
Upon consideration of the petition for rehearing the opinion heretofore filed in this cause is supplemented by the following statement, and the judgment modified to conform to the conclusion herein announced.
We think the Circuit Judge correctly held that the right of inspection conferred upon the stockholders by the express terms of the statute is a legal right in the sense that the managing officials of a corporation may not deny to a stockholder access to and inspection of the books whenever such inspection is sought. But the exercise of the right and its enforcement by the Courts are of necessity subject to the rule of reason. It would scarcely be contended, for example, that a breach of this right of inspection at all times could be predicated upon the failure of a corporation to keep its books open to inspection at all hours of the day and night every day in the week, Sundays and holidays included. "At all times," in that aspect, means at all times within reasonable business or office hours. Nor does the right to inspect confer upon the individual stockholders the right to the exclusive custody and control of the books "at all times" for such purpose of inspection. It is a right that coexists, and must be exercised in conjunction with the corporation's right to keep and use the books in the due course of carrying on the corporate business. Hence the division of time between the stockholder and the corporate officers and employees for the respective purposes of inspection and of keeping the books in corporate use must necessarily be the subject of reasonable adjustment. Since he has not the right to exclusive custody and control at all times, it follows that a stockholder may not require as a matter of absolute right that the books be open to inspection at all times elsewhere than in the offices of the corporation where they are, or ought to be, kept in the due and orderly conduct of the corporation's business. The question of what books should be kept and should *Page 198 
therefore be opened to inspection in a particular office at a particular place must necessarily depend upon the facts of the given case.
A corporation organized under the laws of this state has the right to transact business outside of the state. It must therefore necessarily have the right to use certain of its books outside of the state. The statute law does not undertake, either expressly or impliedly, to require performance of the impossible condition that all books of a domestic corporation doing business in a foreign state or county shall be kept at all times within the state. But it is evident that the important right of inspection conferred by the statute might be substantially impaired, if not entirely nullified, if a stockholder were required to travel all over the United States or into a foreign country in order to find such books as would afford him an intelligent understanding of the business affairs of the corporation in which he is a stockholder. In so far, therefore, as the Circuit Judge held upon the showing made that the petitioners as shareholders in a domestic corporation, required by the law of this state to have and maintain its principal office in this state, were entitled to an inspection of the books and records designated in his decree at the principal office of the corporation in this state, and ordered that such books and records be brought into this state for that purpose, we are not disposed to disturb his conclusion.
Under the views herein outlined, however, the right to inspect at the principal office in this state does not give the petitioners the right to require that all such books and records shall be henceforth kept at all times in the office of the corporation at Langley, S.C. and to the extent the Circuit decree so orders, it is hereby modified. We hold that the petitioner's right to inspect must be exercised with such promptness and dispatch as are reasonably consistent with the corporation's concurrent *Page 199 
right to use the books and records in carrying on the corporate business, and that after such inspection the corporation may return such of the books and records to its New York office as it may deem necessary to the orderly conduct of the company's business. The reasonable time required for inspection at Langley, S.C. in the absence of agreement, should be fixed by the Court below, upon a showing made by the parties.
It is accordingly ordered and adjudged that the decree of the Circuit Court be modified to conform to the foregoing views and conclusion, and that in all other respects it be, and is hereby, affirmed.